UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-24695-CV-WILLIAMS

ROBERTO LUIS REYES, *et al.*,

    Plaintiffs,

v.

MERRICK GARLAND, *et al.*,

    Defendants.

    _____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Jonathan Goodman's Report and Recommendation (DE 19) ("***Report***") on Defendants' Motion to Dismiss (DE 8) ("***Motion***"). In the Report, Magistrate Judge Goodman recommends that the Court grant Defendants' Motion and dismiss Plaintiffs' Complaint. (DE 19 at 2.) Specifically, Judge Goodman recommends that if the Court agrees that there is no non-discretionary duty to adjudicate an already-refused visa application, then the dismissal should be with prejudice. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). If, on the other hand, the Court decides to dismiss Plaintiffs' Complaint only for failure to state an unreasonable delay claim (applying the *TRAC* factors[1]), then Judge Goodman recommends that the dismissal should be without prejudice but without leave to amend. *See Key v. Palmer*, No. 24-CV-1563, 2024 WL 4289582, at *6 (E.D. Cal. Sept. 25, 2024)

---

[1] *See Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984).

(dismissing complaint without leave to amend because the pleading deficiencies could not be cured with additional facts but "without prejudice, such that plaintiff may bring a future action if the delay unreasonably persists").[2] Plaintiffs filed Objections to the Report (DE 20), to which Defendants filed a Response (DE 21).  The Court conducted a *de novo* review of the portions of the Report to which Plaintiff objected and a review of the remainder of the Report for clear error.

Upon careful review of the Report, the Objections, the record, and applicable law, the Court agrees with Judge Goodman that Plaintiffs' Complaint should be dismissed without prejudice and without leave to amend for failure to state an unreasonable delay claim.  Having dismissed Plaintiff's Complaint on this basis, the Court declines to address whether there is a non-discretionary duty to adjudicate an already-refused visa application.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 19) is **AFFIRMED AND ADOPTED**.
2. Defendants' Motion to Dismiss (DE 8) is **GRANTED**.
3. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** and without leave to amend.
4. All pending motions, if any, are **DENIED AS MOOT**.
5. All case deadlines and hearings are **CANCELED**.
6. This case is **CLOSED**.

---

[2] Judge Goodman also notes that Plaintiffs, who are represented by counsel, have not sought leave to amend.  See *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>26th</u> day of November, 2024.

>
> KATHLEEN M. WILLIAMS
> UNITED STATES DISTRICT JUDGE